# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

MICHAEL WATSON,

    Petitioner,

v.

WARDEN KATHY P. LANE,

    Respondent.

NO. 3:18-CV-0676

(JUDGE CAPUTO)

## MEMORANDUM

Presently before me is the Petition for Writ of Habeas Corpus (Doc. 1) filed by Michael Watson ("Petitioner"). Because Petitioner has been released from custody, the petition will be dismissed as moot.

### I. Background

On March 27, 2018, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2241 alleging due process violations in relation to a disciplinary hearing. (*See* Doc. 1, *generally*). Specifically, Petitioner contends that he was denied the right to appeal an adverse decision by a Disciplinary Hearing Officer ("DHO") when he was not given a copy of the DHO report. (*See* Doc. 2, 1). As a result of the DHO's decision, Petitioner lost 55 days of "Good Conduct Time." (*Id.* at 2).

Respondent filed her response to the petition on April 19, 2018 requesting that the petition be transferred to the United District Court for the District of Massachusetts because Petitioner was in custody in that District. (*See* Doc. 7, *generally*). Petitioner submitted a traverse on May 24, 2018. (*See* Doc. 8, *generally*).

On October 11, 2019, Petitioner submitted a change of address, which indicated that he had been released from custody. (*See* Doc. 13, *generally*). The Bureau of Prisons' Inmate Locator confirms that Petitioner was in fact released from custody on that date. *See Inmate Locator*, *available at* https://www.bop.gov/inmateloc/# (last visited October 15, 2019).

## II. Discussion

"Under Article III of the Constitution, a federal court may adjudicate 'only actual, ongoing cases or controversies.'" *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009) (quoting *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477, 110 S. Ct. 1249, 108 L. Ed. 2d 400 (1990)). "The case or controversy requirement continues through all stages of federal judicial proceedings, trial and appellate, and requires that parties have a personal stake in the outcome." *Id.* (citing *Lewis*, 494 U.S. at 477-478, 110 S. Ct. 1249).

The United States District Court for the District of New Jersey recently dismissed as moot a § 2241 petition where the petitioner was released from custody prior to disposition of the underlying petition challenging the actions of the Bureau of Prisons in a prison disciplinary hearing. *See Reyes v. Fed. Bureau of Prisons*, No. 17-4562, 2019 WL 4302964, at *1 (D.N.J. Sept. 11, 2019). In doing so, the *Reyes* court explained:

> The remedy in a § 2241 petition challenging a disciplinary proceeding would be to remand to the BOP to conduct a new disciplinary hearing. *See Bridge v. U.S. Parole Comm'n*, 981 F.2d 97, 105 (3d Cir. 1992) ("[T]he appropriate judicial remedy when an agency exceeds its discretion is a remand to the agency for further proceedings consistent with the court's opinion.") (citing *Federal Power Comm. v. Idaho Power Co.*, 344 U.S. 17, 20 (1952)); *Mitts v. Zickefoose*, 869 F. Supp. 2d 568, 575 (D.N.J. 2012) ("If a federal court sitting in habeas review finds that the constitutional safeguards . . . of due process, have been violated, the sole remedy that court could offer is a curative hearing."); *Cannon v. Schultz*, No. 08-4514, 2010 WL 2539387, at *6 (D.N.J. June 16, 2010) ("[E]ven if a federal court determines that an inmate's due process rights were violated during an administrative hearing, the federal court does not conduct its own 'trial' superceding a defective administrative proceeding: in such case, the proper remedy is a curative administrative hearing conducted in accordance with due process requirements."). However, the Court cannot order the BOP to conduct a new hearing in this matter because Petitioner has completed his period of incarceration and is no longer in BOP custody.
>
> In *Burkey*, the Third Circuit affirmed the district court's determination that a § 2241 petition challenging a prison disciplinary hearing was moot after the petitioner was released from BOP custody onto supervised release. 556

2

> F.3d 142 (3d Cir. 2009). The court reasoned that petitioner's sentence had expired and that delayed commencement of a "validly imposed term of supervised release" is insufficient to be a "continuing injury" to avoid mootness after release from BOP custody. *Id.* at 148. As Petitioner challenges only the actions of the BOP in his prison disciplinary hearing, there is no live case or controversy following Petitioner's release from prison.

Id. at *1-2.

Similarly, in *Keaton v. Maiorana*, No. 15-2490, 2017 WL 2592379, at *1-2 (M.D. Pa. June 15, 2017), this Court dismissed a pending § 2441 petition challenging the loss of good time credits in light to the petitioner's release from custody. The court observed that "a petition under 28 U.S.C. § 2241 challenging the loss of good time credits becomes 'moot upon [petitioner's] release from imprisonment unless he [or she] can demonstrate some collateral consequence that persists beyond the sentence's expiration and is likely to be redressed by a favorable judicial decision.'" *Id.* (quoting *Scott v. Schuykill FCI*, 298 F. App'x 202, 204 (3d Cir. 2008)). Because the petitioner failed to demonstrate any collateral consequences resulted from the petitioner's disciplinary hearing, the *Keaton* court dismissed the petition. *Id.*

The same is compelled here. More particularly, Petitioner was released from custody on or about October 11, 2019. The underlying petition sought to restore his "Good Conduct Time" and to "expunge the underlying incident report[.]" (Doc. 2, 8). In short, Petitioner's release from custody renders those requests moot. Moveover, there is nothing in the record to suggest that any collateral consequences exist as a result of the disciplinary hearing.

### III. Conclusion

For the above stated reasons, Petitioner's § 2241 petition will be dismissed as moot.

An appropriate order follows.

October 16, 2019  /s/ A. Richard Caputo
Date             A. Richard Caputo
                 United States District Judge